Filed 3/28/14  P. v. Abram CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALBERT A. ABRAM,<br><br>    Defendant and Appellant. | D063752<br><br><br>(Super. Ct. No. SCS252361,<br> SCD233752) |

APPEAL from a judgment of the Superior Court of San Diego County, Alvin E. Green, Jr., Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Albert A. Abram of robbery. (Pen. Code,[1] § 211.) In a bifurcated proceeding, the trial court convicted Abram of being a felon in possession of ammunition (former § 12316, subd. (b)(1)).[2] The trial court found true that Abram had committed a prior serious felony (§ 667, subd. (a)(1)), and received a strike conviction (§ 667, subds. (b)-(i)). The court sentenced Abram to 12 years four months in prison.

Abram does not challenge his robbery conviction, but appeals only his conviction of being a felon in possession of ammunition. Abrams argues that, although the court found him guilty of that offense, the record does not support his conviction because the prosecution did not demonstrate the ammunition was not blanks. Abram contends that because the prosecution failed to show the ammunition was not blanks, his conviction should be reversed. We disagree. For reasons we state more fully below, the record was sufficient to support the conviction. Therefore, the trial court's judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2011, Abram robbed Esteban Perez by forcibly prying Perez's cell phone from his hands and walking off with it. Perez identified Abram to police as the man who took his cell phone. Officer Jared Madsen lawfully searched Abram's bedroom pursuant to the robbery investigation. Madsen found Perez's phone in Abram's closet. Police Corporal Damian Ballardo also searched Abram's bedroom. Ballardo found nine

_____

[1] Statutory references are to the Penal Code unless stated otherwise.

[2] Section 12316 was repealed in 2010, but the operative date for the repeal was January 1, 2012, when it was substantially reenacted as section 30305. (See Law Revision Com. com., 51D pt. 4 West's Ann. Pen. Code (2012 ed.) foll. § 30305, p. 284.)

rounds of rifle ammunition in a purple bag located in a chest of drawers next to Abram's bed. At the bifurcated trial concerning Abram's possession of the ammunition, Ballardo testified that each round contained a bullet. Ballardo also stated he recognized the rounds in question as being Vietnam War era "carbine" rounds.

## STANDARD OF REVIEW

We review sufficiency of evidence in the light most favorable to the judgment. (*People v. Johnson* (1980) 26 Cal.3d 557, 576.) After reviewing the entire record, we presume each fact and reasonable inference from the evidence in support of the judgment. (*Ibid.*) We affirm, if substantial evidence supports the judgment. (*Ibid.; People v. Kelly* (2007) 42 Cal.4th 763, 787-788.)

## DISCUSSION

### A. *Substantial Evidence Supported the Conviction*

Although it has since been repealed, the law with respect to the prohibition of a felon's possession of live ammunition at the time of Abram's alleged crime stated: "No person prohibited from owning or possessing a firearm . . . shall own, possess, or have under his or her custody or control, any ammunition or reloaded ammunition." (Former § 12316, subd. (b)(1).) Under subdivision (2) to that provision, "ammunition" is further defined as "any bullet, cartridge, magazine, clip, speed loader, autoloader, or projectile capable of being fired from a firearm with a deadly consequence. [It] does not include blanks." (Former § 12316, subds. (b)(2).)

Sufficient circumstantial evidence that ammunition is "live" and not blanks, may include evidence that the defendant possessed bullets of a particular caliber, the particular

3

caliber corresponds to a gun that can fire live ammunition, the ammunition itself appeared "live," and a reasonable inference based on the manner in which the officers treated the ammunition with the "utmost gravity" and after carefully collecting, separating, and describing it was that the ammunition was live. (*In re Arcenio V.* (2006) 141 Cal.App.4th 613, 616 (*Arcenio*); citing *Khamphouy S.* (1993) 12 Cal.App.4th 1130, 1135 (*Khamphouy*).) The state fails to present sufficient evidence that ammunition is "live" when it fails to provide testimony that the rounds were removed for "safety purposes" or that an officer believed the rounds were live, and the trial court does not inspect the rounds. (See *Arcenio, supra,* at pp. 616-617.)

Here, on redirect examination, the prosecution directly asked if Ballardo examined the rounds and, then, if each round had bullets in the cartridge. Ballardo replied that he did look at the rounds, the bullet was in the cartridge, and the primers appeared not to have been struck. Thus, the state presented direct evidence that the rounds were live in the form of opinion testimony from the officer who examined them. (See *Arcenio, supra,* 141 Cal.App.4th at p. 616.) Ballardo also stated he recognized the rounds in question as being Vietnam War era "carbine" rounds. This was circumstantial evidence suggesting that the rounds were of a particular caliber and that they corresponded to a gun that fires live ammunition. (See *Khamphouy, supra,* 12 Cal.App.4th at p. 1135.) Ballardo's testimony qualifies as substantial evidence from which a reasonable trier of fact could find Abram was, in fact, a felon in possession of live ammunition. (*Ibid.*, see also *People v. Zavala* (2005) 130 Cal.App.4th 758, 766 [noting that "the testimony of a single witness

is sufficient evidence to support [a] verdict"].)  Therefore, the record presents substantial evidence to support Abram's conviction.

*B.  Due Process*

Abram also contends that because the evidence did not support his conviction of being a felon in possession of live ammunition, his conviction violated his right to due process under the 14th Amendment to the U.S. Constitution.  Because we reject Abram's initial contention and conclude that substantial evidence did support his conviction of being a felon in possession of live ammunition, we need not determine whether the conviction violated his due process.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

5